UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE C.P. HALL COMPANY, | ) | No. 11 B 26443 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES SHIPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 A 1070 |
| | ) | |
| COONEY & CONWAY CREDITORS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JAMES SHIPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 A 1156 |
| | ) | |
| O'BRIEN CREDITORS, | ) | |
| | ) | |
| Defendants. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling are motions by two groups of creditors, each group a defendant in separate adversary proceedings, to dismiss the adversary proceedings for insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(4), (5) (made applicable by Fed. R. Bankr. P. 7012(b)). As the creditors correctly argue, the captions of the complaints as well as the summonses violate

the rules and are insufficient. The complaints will therefore be dismissed with leave to amend, and the summonses will be quashed, under Rule 12(b)(4).

### 1. Jurisdiction

The court has subject matter over this case pursuant to 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). These are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (K).

### 2. Background

The facts are drawn from the adversary complaints, the parties' papers, the court's docket, and the court's claims register. No facts are in dispute.

The C.P. Hall Company is a defunct distributor of raw asbestos products. In 2011, C.P. Hall filed a chapter 11 bankruptcy case that was later converted to a case under chapter 7. Like other asbestos companies, C.P. Hall has been the subject of many personal injury actions from people claiming harm from its products. Most if not all of these people hold judgments against C.P. Hall and are creditors in the bankruptcy case. Like other asbestos companies, C.P. Hall also had insurance policies that may provide coverage for the claims. The policies and their proceeds are C.P. Hall's only assets.

Since before the bankruptcy case was filed, various personal injury creditors have been fighting over the relative priority of their rights to C.P. Hall's assets. On one side is James Shipley, as representative of his late wife's estate. Shipley filed a proof of claim in the bankruptcy case for $3,362,465. On the other are two groups of creditors. One group, represented by the Chicago law firm Cooney & Conway, submitted a proof of claim asserting

claims totaling $121,610,107. The other group, represented by the O'Brien Law Firm in St. Louis, submitted a proof of claim asserting claims totaling $30,900,000.

In August 2013, Shipley filed an adversary complaint against the creditors represented by Cooney & Conway. In his complaint, Shipley sought a determination that he had a lien on certain insurance proceeds, that any lien the creditors had was invalid, and that to the extent both he and the creditors had liens, his was superior to theirs. Shipley also objected to the creditors' claim.

As defendants, Shipley named in the caption of the complaint: "Cooney & Conway Creditors." Shipley did not name as a defendant any of the individual creditors. Consistent with the complaint's caption, Shipley also had issued a single summons directed to "Cooney & Conway Creditors." No summons was issued to any of the individual creditors. Shipley then served two copies of the summons and complaint by mailing one to John Cooney at Cooney & Conway and another to Joseph D. Frank and Reid Heiligman, lawyers at the FrankGecker law firm representing the creditors in the bankruptcy case.

In September 2013, Shipley filed another adversary complaint, this one against the creditors represented by the O'Brien Law Firm. The new complaint differed somewhat from the first complaint Shipley filed. Shipley sought a determination only that any lien the creditors claimed to have on certain insurance proceeds was invalid. He also objected to the creditors' claim.

As in the Cooney & Conway adversary proceeding, Shipley named as defendants in the complaint's caption: "O'Brien Creditors." He did not name as a defendant any of the individual creditors. As in the Cooney & Conway adversary proceeding, Shipley also had issued a single

summons, this one directed to "O'Brien Creditors." No summons was issued to any of the individual creditors. Shipley then served two copies of the summons and complaint by mailing one to the O'Brien Law Firm and another to Joseph D. Frank at FrankGecker who also represents these creditors in the bankruptcy case.

The creditors have now moved to dismiss the two adversary proceedings pursuant to Rules 12(b)(4) and (5). The creditors contend that (a) the complaints' captions were insufficient because no individual creditors were named as defendants in the captions, and (b) the summonses were insufficient because no separate summons was issued for each individual creditor intended as a defendant. The creditors also contend that service was insufficient because Shipley served the lawyers, not the creditors themselves. Shipley opposes the motions.

### 3. Discussion

The creditors' objections to the captions of the complaints and to the sufficiency of process under Rule 12(b)(4) are well taken. The motions to dismiss will be granted, the summonses will be quashed, and the complaints will be dismissed with leave to amend.

### a. Captions

The creditors are correct, first of all, that Shipley could not simply name them in the caption of his complaints collectively as "Cooney & Conway Creditors" and "O'Brien Creditors." To make the individual creditors defendants, he had to name each one individually.

Rule 10(a) of the Federal Rules of Civil Procedure commands that every pleading have "a caption." Fed. R. Civ. P. 10(a) (made applicable by Fed. R. Bankr. P. 7010).[1] The caption must

---

[1] Bankruptcy Rule 7010 says that Rule 10 applies in adversary proceedings – "except that the caption of each pleading in such a proceeding shall conform substantially to the

have "a title," and, most important for current purposes, "[t]he title of the complaint *must* name *all* of the parties." *Id.* (emphasis added). Although this last requirement is "seemingly pedestrian," it "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). "The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The requirement therefore "cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 189.

Whether it can be set aside at all and when are matters on which courts and commentators differ. One camp declares that the contents of the caption "are not considered a part of the pleader's statement of the claim," and so the caption "is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1321 at 388-39 (3d ed. 2004). Under this view, a defective caption "never should be viewed as a fatal defect." *Id.*; *see Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 62 (Bankr. S.D.N.Y. 2003).

A second camp will find the requirements of Rule 10(a) met despite problems with the caption, as long as the body of the complaint discloses the identities of the proper parties. *See, e.g., Meadows v. Whetsel*, 245 F. App'x 860, 862 (10th Cir. 2007); *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007); *Yeseta v. Baima*, 837 F.2d 380, 382-83 (9th Cir. 1988); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983);

---

appropriate Official Form." Fed. R. Bankr. P. 7010. The official form is Official Form 16D. Official Form 16D requires only that a caption in an adversary proceeding include the caption of the bankruptcy case. Nothing about the official form excepts captions in adversary proceedings from the requirements of Rule 10(a). *See* Off. Form 16D.

*Levesque v. Rutland County Sheriff's Dept.*, No. 09-cv-437-JL, 2010 WL 4916567, at *2 (D.N.H. Dec. 1, 2010); *Lamb v. Davis*, No. CV208-160, 2009 WL 982037, at **1-2 (S.D. Ga. Apr. 10, 2009). Some courts in this camp reserve this leniency for pro se parties, *see, e.g., Trackwell*, 472 F.3d at 1243; other courts apply it to all, *see, e.g., Yeseta*, 837 F.2d at 382-83.

But the Seventh Circuit falls into still a third camp, deeming Rule 10(a) to be mandatory – as indeed the language of the Rule suggests. "[T]o make someone a party," the court has held, "the plaintiff must specify him in the caption and arrange for service of process." *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). "Naming and serving defendants is vital. How can one defend without first becoming a party?" *Id.*; *see also Kim v. Hoseney*, No. 13-1623, 2013 WL 5816653, at *2 (7th Cir. Oct. 30, 2013); *Lawrence v. Grbich*, No. 08-C-108, 2008 WL 4603338, at *1 (E.D. Wis. Oct. 16, 2008); *Jenkins v. Wisconsin Resource Ctr.*, No. 09-cv-323-bbc, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009); *Tia v. Criminal Demand as Set Forth per Investigation*, No. 10-00441 DAE-BMK, 2010 WL 3001912, at *3 (D. Haw. July 30, 2010) (citing *Myles*).

Shipley's complaints fail to comply with Rule 10(a). Rather than name the individual creditors, Shipley named as defendants the "Cooney & Conway Creditors" in one complaint and the "O'Brien Creditors" in the other. But those are not legal entities of any kind. They are merely groups of people, and a group of people is not a suable entity. *Jenkins*, 2009 WL 1797849, at *1 ("[N]either a group of people nor a building can be sued; each defendant must be an individual or legal entity that may accept service of a complaint."). Under Rule 10(a) as the Seventh Circuit interprets it, Shipley had to name in the captions of his complaints each of the creditors he intended to sue. Otherwise, they did not become defendants. *Myles*, 416 F.3d at

551.[2/]

When a complaint's caption fails to name all parties, dismissal is appropriate. *See Kim*, 2013 WL 5816653, at *2; *Myles*, 416 F.3d at 554; *Butchard v. County of Dona Ana*, 287 F.R.D. 666, 669 (D.N.M. 2012) ("Courts may dismiss a complaint for the failure to adhere to the requirements of Rule 10(a)."). At least initially, however, a plaintiff should be given leave to amend to correct the problem. *See, e.g., Lawrence*, 2008 WL 4603338, at *2 (granting leave to file motion to amend); *Jenkins*, 2009 WL 1797849, at *1-2 (granting leave to amend); *Eakle v. Tennis*, No. 4:CV-07-0725, 2007 WL 4343951 at *1-2 (M.D. Pa. Dec. 10, 2007) (dismissing with leave to amend); *cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal where a plaintiff was given several opportunities to delete the phrase "et al." from his complaint and name specific defendants but never did).

Because Shipley has not complied with Rule 10(a) and named the individual creditors as defendants in the captions of his complaints, the complaints will be dismissed. Shipley will be given leave to amend.

### b. Summonses

---

[2/]    Shipley's complaint would not survive even under the more lenient approach to Rule 10(a) taken in *Trackwell*. Shipley is not pro se but is represented by capable counsel well acquainted with the rules. On the other hand, the complaints probably would be acceptable under *Yeseta* and *Rice*. In the body of each complaint, Shipley alleged that "[t]he Defendants in this proceeding are the persons who hold the alleged claims asserted in [the applicable proof of claim] and "are identified in the Exhibits to [the proof of claim]." (Adv. No. 13 A 1156, Dkt. No. 1 at 2, ¶ 6; Adv. No. 13 A 1070, Dkt. No. 1 at 2, ¶ 6). Each complaint also had the applicable proof of claim attached as an exhibit, and Rule 10(c) declares that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). *Myles* makes clear, however, that a person is not a party to an action unless his name appears in the caption itself. *Myles* is binding here. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

The creditors are also correct that the process Shipley had issued is insufficient. Shipley could not simply have a single summons issued directed to the defendants as a group; separate summonses directed to each defendant were necessary. The summonses will therefore be quashed.

Rule 4(a) of the Federal Rules of Civil Procedure describes the necessary contents of a summons. *See* Fed. R. Civ. P. 4(a)(1) (made applicable by Fed. R. Bankr. P. 7004(a)(1)). Among other things, a summons "must: (A) name . . . the parties" and "(B) be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A), (B); *see O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993); *Viloria v. Premium Capital Funding LLC*, No. 2:12-CV-00406-KJD-PAL, 2012 WL 4361252, at *2 (D. Nev. Sept. 20, 2012); *George W. v. United States Dept. of Educ.*, 149 F. Supp. 2d 1195, 1200 (E.D. Cal. 2000); *Espada v. McMickens*, No. 85 CIV. 4495 (JFK), 1988 WL 117431, at *3 (S.D.N.Y. Oct. 25, 1988).

Rule 4(b) concerns the issuance of a summons. In actions with multiple defendants, "[a] summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served." Fed. R. Civ. P. 4(b); *see Curran v. M & T Bank Corp.*, No. 1:12-cv-749, 2014 WL 174424, at *5 (M.D. Pa. Jan. 13, 2014); *Archbold v. Cracker Barrel Old Country Store, Inc.*, No. 3:12-CV-2212, 2013 WL 5272846, at *1-2 (M.D. Pa. Sept. 17, 2013); *Neely v. Kitchings*, No. 1:10-177-MBS-PJG, 2010 WL 4238852, at *1 (D.S.C. Sept. 23, 2010).

The summonses Shipley had issued were insufficient in form. They did not contain proper case captions and so did not "name . . . the parties," as Rule 4(a)(1)(A) requires. *See Espada*, 1988 WL 117431, at *3. The defendants shown in the caption were instead "Cooney & Conway Creditors" and "O'Brien Creditors," neither of which was a suable entity and so a proper

defendant. *Jenkins*, 2009 WL 1797849, at *1 (noting that a "group of people" is not a proper defendant). The summonses were also not "directed to the defendant[s]," as Rule 4(a)(1)(B) requires. Consistent with the captions, the summonses were directed to "Cooney & Conway Creditors" and "O'Brien Creditors," rather than the individual creditors against whom Shipley actually sought relief.

The summonses were likewise insufficient in number. In each adversary proceeding, Shipley had a single summons issued, not a separate one (or a copy) for each individual creditor he intended to make a defendant, as Rule 4(b) requires. Shipley apparently made two copies of each summons and then served them, not on the individual creditors themselves, but on the creditors' lawyers. Assuming service on the lawyers was proper (a point the parties dispute), at the very least a summons for each defendant had to be issued and served on those lawyers. Service of a single summons on the lawyers as agents for the group of defendants they represented was not enough. *Cf. Kitchings*, 2010 WL 4238852, at *1 (finding insufficient a single summons issued to a South Carolina county when the complaint named six county employees as defendants).

Faced with a motion under Rule 12(b)(4) to dismiss for insufficient process, a court has the option of "quashing the process without dismissing the action." 5B Charles Alan Wright & Arthur R. Miller, *supra*, §1354 at 346; *see Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011). Indeed, dismissal is warranted "only . . . where there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Id.* (internal quotation omitted); *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); 5B Charles Alan Wright & Arthur R. Miller, *supra*, §1354 at 348. In

all other cases, quashing the process is the proper course. *Cockerham*, 2011 WL 1515159, at *2; *Khurana*, 2008 WL 938904, at *2.

Although Shipley's summonses violate Rules 4(a) and (b), the deficiencies are easily corrected, and it is certainly "conceivable" that Shipley will be able to produce summonses in both adversary proceedings that comply with the rules. Dismissal at this stage is unwarranted and would be exceptionally harsh. Accordingly, the Rule 12(b)(4) motion will be granted, but process will be quashed. New process may issue when Shipley amends his complaints.

### c. Service

The main bone of contention between the parties, ironically, is not the sufficiency of the process but rather the sufficiency of service. Shipley takes the position that Bankruptcy Rule 7004(b)(8), Fed. R. Bankr. P. 7004(b)(8), entitled him to serve the creditors by serving their lawyers because the lawyers were the creditors' "agents" for purposes of the rule. The creditors disagree.

Because the process itself was insufficient, however, service of process necessarily failed to confer personal jurisdiction over the defendants. There is consequently no need at this juncture to reach the sufficiency of service. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) (holding that an insufficient summons "does not confer personal jurisdiction" and thus finding it unnecessary "to consider such questions as whether service was properly made"). Sufficiency of service will be a question for another day should Shipley choose the same method of serving his amended complaints.

### 4. Conclusion

For these reasons, the motions of the defendant creditors to dismiss the adversary complaints of James Shipley are granted, and process in both adversary proceedings is quashed. Shipley has leave to file amended complaints bearing proper captions, and new summonses may issue. A separate order will be entered consistent with this opinion.

Dated: March 12, 2014

_____
A. Benjamin Goldgar
United States Bankruptcy Judge