# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:                                                    Chapter 11

THE C.P. HALL COMPANY,
                                                         Case No.  11-26443
          Debtor.

_____

JAMES SHIPLEY, as personal representative of the Estate of Janet
Shipley,

          Plaintiff,

                             Adversary No. 13-1070
      vs.

Joseph Abrams; Sandra Adam; Russell Adams; Mike Adams; Johan        Honorable A. Benjamin Goldgar
Ahlerrs; Lloyd Akers; William Akins; Raymond Alarie; Harlan
Alberts; Frank Albrecht; George Allen; Herman Allie; Steven
Allumbaugh; Gerardo Almaguer; Jesus Alonso; Dennis A.
Anderson; Dennis H. Anderson; Leland Anderson; Ronald C.
Anderson; Warren Anderson; Francis Andreoli; William Archie;
John Arenas; Ura Asher; Refugio Avalos; Kenneth Bader; Willis
Bahnsen; Eddie Bailey; William, Sr. Baker; Terry Baker; Robert
Baldwin; William Bandosz; Edward Bara; Jimmie Barlow; Dale
Barnes; Michael Barnett; William Barrett; Larry Barringer; Ursula
Bartlett; John Bartosiewicz; Walter Barutha; Robert Bates;
Carmello Baudo; Rodney Baulig; James Baumgardner; Thomas
Beaupre; Amanda Bell; Roy Bellazzini; Michael Benacka; Michael
Berry; Samuel Bianchi; Dennis Bianucci; Grady Biby; Dorothy
Bies; Frank Bila; Robert Bish; Melvin Black; Joseph Jr. Blaha;
Russell Blair; Piotr Blazik; Matthew Blevins; Albert Bliss; Kenneth
Bloom; Allen Bode; Matthew Bodinet; William Bodnar; Linus E.
Boedling; Donald Boggs; Vernon Bogner; Richard Bohn; Thomas
A Bolden; Edward Bond; William Borhman; George Botta; Ignazio
Bova; Billy Bower; Daniel Boyd; Arnold Boyenga; James Boyer;
Matthew Boyle; Patricia Brackett; Llewellyn Bradley; Thomas
Brady; Ruth Brandt; Woodie Brasher; Elaine Bregar; Dennis
Brennan; Charles R. Brewer; Thomas M. Bridges; Nancy Brncick;
Donald Broom; Carol Broome; Anthony Brown; James Brown;
James Brown; Charles Brown; Arthur Brown; George Browne;
Grace Bruck; Abraham Brumfield; John Brzana; Violet Bubnovich;
Sonia Buchaklian; Elmes Buck; John Budnick; Joseph Budnik;
Matthew Buecker; Walter Bulatovich; Neil Bulger; Joseph Burch;
Edward Burchardt; Edgette, Jr. Burd; Maynard Burkett; Henry

Burkum; John Burns; John "Jack" Burns; Alice Burns; Jack Burns;
Elmer Busby; Fred Bushnell; Norman Bussard; Mark Busse; Leon
Butcher; Saslvatore Butitta; Rolland Butler; Anthony Bytnar; Leon
Cacioppo; Lucetta Cadman; Clinton Cahoon; William Caldwell;
Keith Calhoon; Robert Callahan; Donald Campbell; Haywood
Campbell; Luis Campos; Joann Canella; Charles Cardinal; Roland
Carlen; Thomas G. Carlson; Richard Carlson; Ronald Carnes;
Esmer Carnett; Evelyn Carolan; Robert A. Carr; Jack Carr; Dorothy
M. Carr; Gary W. Carroll; Hubert Carter; James Case; Casey Case;
Howared Cash; Elvira Cassidy; Donald Cassier; Juan Castellanos;
Albert Caswell; Florence Cates; Gerald Ceci; Mack S. Cehanowicz;
Val Celaya; Robert Chaffee; Willie Chambers; Bruce Chappell;
Bruce Chappell; Donald Charpentier; Robert Chelon; Thurman
Chennault; Stanley Chernutan; Lawrence Chiapetta; Frank
Chiaramello; William Chiesa; Aaron Childress; Charles J.
Childress; John Chiodo; Leonard Chmill; Walter Choker; Erwin
Christensen; Richard Christenson; Robert Lee Christian;
Evangeline Ciers; Howard Cieslewski; Martin Cigledy; Anthony
Citro; Albert Clark; Samuel Clark; Joseph L. Clark; Kermit Clark;
Thomas Clark; Norman Clavey; Mary Clemmons; Lola Coggins;
Eli Cohen; Augustine C. Coleman; William Coleman; William
Collins; Frank Comitz; Carl Connell; Mary Connelly; Delano
Cook; James  Cope; Marvin Corbeil; Walter Corder; Herman
Cornelius; Lawrence Cornell; Virgil T. Correll; Elvira Cotto; Clyde
Cowgill; Larry Cowgill; Dewey Creech; John Crinion; Martin
Crinion; Jaime Cristobal; Robert Cropper; David Crosby; John
Crothers; Secundino Cruz; Thomas Cullen; John Cummings; John
Curlee; Dennis Curran; Billy Curtis; Edward Czech; Paul  Czysz;
Radoslav Dabic; Marian L. Daley; John Daly; Don Dancey; John L.
Daniel; Bonnie Danks; James Darnell; Jon Daubenspeck; Lucille
Daughtry; James Davis; Randall Davis; Barbara De Lacey; Mark
Deane; Thomas  Dearden; Albert Deault; Gene Debartolo; Alan
Debeneditto; Louise Dechman; George DeCourcy; Heinrich
Dehmet; Wilbur Deisher; Robert Del Sarto; August Demma; Clyde
D. Dempsey; Dudley Derdiger; Harold Derrick; Angelo DeSalvo;
Robert Dettmar; Robert DeVries; George Dewald; Leroy Dewar;
Paerl DeZarn; Barry Dieden; Edward Diem; John Dieterle; Henry
Dilday; Donald Dillow; Bernie DiMeo; George Dix; Charles
Dobes; Madelyn Dobrowalski; Patrick Doeing; Joseph Doll; Mark
A. Donegan; John Dony; Raymond Dorell; Glen Dougherty;
Francis Downey; Morgan Dubiel; Morgan Dubiel; Edward
DuBrock; Ricahrd Duda; Marie Dudek; Charles Duncan; John
Dunder; Leroy Dunwald; Charles Dybas; James Dziak; Lawrence
Eason; Gilbert Easton; George Eberhart; Carl Eckerson; Youaw
EdEiel; Thomas Eder; Walter Edwards; Thomas Ehrhardt;
Lawrence Ekstrom; Stanley Elam; Joyce Elberding; Billie Eldred;

James Elkins; Joseph Eller; Joseph Eller; Delmar Ellis; Howard
Emanuelson; Linda Engle; Patricia Epps; Melvin Estry; Harold
Evans; Robert Evenhouse; Robert Fabian; Edward Falat; John J.
Fandl; Willie Farmer; Homer E. Farrar; Robert Farrell; Floyd
Faulkner; William Faulkner; William Fech; Steven Feinerman;
Donald Feipel; Darl Felax; Ronald Felkamp; David Feltner; August
Ferme; Caridad Fernandez; Tommy Ferrari; Carl C. Ferris; Charles
Field; Lawson H. Fields; Paul Filbin; Claude Finley; Lorraine Finn;
Robert Fischer; Denise Fisher; Robert Fitzgerald; William
Flanigan; David R. Fleming; Normand Fleury; Maurice Floyd; John
J Fogarty; Lynne Fogel; Robert Foley; Robert Follmer; Kilven Fort;
Hiram  Fort; George Fowler; William Francis; Martin  Frank;
Patrick Freaney; Gary Frederick; Marilyn Freeman; Joan Frichtl;
Robert J. Fridmanski; Alan Friedlander; Henry Frisbie; Gunvald
Froystad; Russell Fuller; Donald Fulton; Archie Fultz; James E.
Furlong; Nicholas Fusco; August Gabrys; Thomas Gaffney; John
Gaffney; George Gagianas; Thomas Gajewski; Charles Galik;
Valentine Galindo; Herbert Galloway; Elario Ganz; Robert Ganz;
Roberto Garcia; William Gardner; Wallace Garling; John A.
Garner; Ronald Garner; Walter, Sr. Gasaway; Phillip Gautschy;
Thomas Geddes; Albert Gehrke; Stanley Gembis; Leondard
Genardo; Samuel Gentile; Charles Genung; Thomas Georgas;
Joseph Gereg; Diane Gereg; David S. Gerst; Megan Gilligan;
George Gischer; Harry W. Gluck; James Glynn; Millard Goben;
James  Goertmiller; Edna Goldberg; Lisa Goldberg; James Golden;
Ronald M. Goldyn; Robert Golen; Frederick Goll; Mildred Gordon;
James Gosa; Dale Graham; George Grandinetti; Jerome Grant;
Russell Green; Ronald Green; Charles W. Greer; Fred Gregovich;
Joseph Grelewicz; Earl Grelson; Leo Grennan; John T. Griffin;
John Griffin; Carl Griffis; Robert Grochulski; Robert Groh; Curt
Gronner; Christian Grossich; Harry Groves; Robert E. Guillams;
Everett Gunn; Duane Guse; Martha Guth; Barbara Guydon-Banks;
James A. Haas; Michael Haensel; Robert Haley; Richard
Hallenbeck; Bill Hallowell; Henry Hammond; Nathan Hampton;
Harold Handyside; Sharon Hannan; David Hanson; George
Harding; Lloyd Harloff; Fred Harper; Thomas Harris; James Harris;
Raymond Harrison; Andre Hawes; Harold Hayes; Clarence Haynes;
John Heeter; Roger Hejza; Joan Hemminger; Kenneth Hendricksen;
Ronald Hendrickson; Joseph Herm; Howard Herman; Gerald Herr;
Jose Herrera; James Herrick; Anna M. Hess; John Hester; Dale
Heuberger; Edward Hickey; Donald Hicks; John Hiebing; George
Hight; Raymond Hilger; Luis Hilligoss; Charles Hillyer; Kenneth
Hilton; Donald Hoeve; Frank Hoffman; Leonard Hoffman; Harold
Hogan; Raymond Hohl; Edward Holt; Elaine Holtzman; Robert
Homan; Willie Hopson; Robert Hopwood; Charles Hora; Gerald
Horn; Peter Houle; Alvin Huber; Milton Hudson; James Hughey;

James Hughey; Roger Humphrey; Russell Hunkley; Kenneth
Hunter; Alvah Hutchinson; Joe Louis Hutchinson; Dale Hyatte;
Larry Gene Hysell; Dominic Iocca; Barbara Irwin; Avery Ivey;
Leslie Izzi; Robert Jackson; Percy Jackson; Theodore Jaeger;
William Jakomovich; Robert Janet; Frank Jankowski; William
Jasper; Genaro Jauregui; Donald Jeffers; John Jensen; Clarence
Johnson; Theodore Johnson; William Johnson; Freadine Johnson;
James Johnson; Roger Johnson; Charles Jones; Joe Jones; Joseph S.
Jones; Grayson, Sr. Jones; Kenneth Jones; John Joslyn; William
Joyce; Michael Joyce; Donald Julitz; Joseph Junius; Robert
Jurgens; Ronald Jurgeto; Vytautas Juskus; James Kachnik; Robert
Kaepplinger; Parnell Kaiser; George Kalmbach; John Kantowski;
Vinko Karabaic; Bruce Karas; Walter Karasek; Dennis Karnstedt;
Remigius Karwowski; Olga Kaszubowski; John Katkus; Anna
Katsamba; Norman E. Kaufman; David Kaurman; Ethel Keane; Jan
Keeling; Jane Keeling; Nick Kelemen; James Keller; Robert Kelly;
Jane F. Kendzora; Daniel Kent; Edward Kerth; Frederick B.
Kettler; Kenneth Kettler; Rhea Kincaid; Richard Kinder; Frank
Kindle; Harold Kindt; Pauline King; Ronald King; Vernon King;
Donald Kinnear; Edward Kissane; John Klapperich; Charles
Kleemola; Edward Klich; Blair Kling; Leo Klodzinski; John
Kloecker; Kenneth Knapp; Jack E. Knight; Ronald Knirs; Larry
Koca; Shirley Koch; Carolyn Kocman; Stanley Kocon; James
Koenig; Larry Koger; Nilene Kolbuch; Wayne Koplin; Lawrence
Korzik; Walter Koza; Nicholas Kozak; Arnold Krafft; Donald
Krafft; Frank Kral; Paul Krampitz; Lloyd Kreye; Wilmar Krueger;
Robin Krusenoski; Phillip Kuharchuk; Joseph Kulash; John, Sr.
Kuna; Paul Kussman; Charles Kyrk; Paul Lach; Lawrence Lacny;
Robert Ladewig; Lennart Lagerstrom; Helen Lagerstrom; Francis
Lagowski; Richard W. Lamb; Howard Lamprecht; Donlad Landin;
Carig Lankford; Rocco LaPorta; Leonard Larsen; Edwin Larson;
Clare Larson; Robert Lash; Gregory Lattemann; Charles Laubach;
James Laurencell; Frank Lazzari; Donald Leach; Robert L.
Ledbetter; Baxter L. Lee; Sophie Leginski; Howard Leide; Donald
Leimbacher; Jerome Lemberger; Gerald Lennox; Raymond Lenz;
Joe, Sr. Lepkowski; Ford Ray Lewis; Elmer Lewzader; Elmer
Lewzqader; Robert Lies; Alvin Liggins; Richard Lind; Peggy
Lindsey; Jaroslaw Liskowsky; Ronald Little; John Litza; James
Lodl; Anthony Loffredo; Richard Loftus; Marshall Loftus; Larry
Logan; Joseph Lombardi; Donald Long; Gracie Long; Edward
Looney; Jennifer Loos; Anthomy Lopez; Raymond Loranger;
Kenneth Lord; Dorothy Loser; Jerry Lovelace; Lawrence Lovino;
Jack Lowder; Lafayette "Pete" Lowe; Robert Lowe; David Lowery;
Russell Loyd; Tommie Luckett; Richard Ludgatis; Marlene
Luhrsen; Len Lundborg; Bernard Lutzek; Bernard Lutzke; Harold
Lyon; Robert MacDonald; Zdenek Machalka; Mary Mahalko;

Kevin Major; Kevin M. Major; Richard Mancheseter; Jasper
Mangiaracina; Francisco Marin; David Marquis; Anthony
Marsaglia; Sam Marsala; John Marson; Diana Martin; Frank
Martino; Joan Mascillino; Frank, Sr. Matarrese; Theodore Mateja;
George A. Mathis; Sharon Matson; Edward Matyszka; Ernest
Mayden; Welcie Maynard; Welcie Maynard; Diane Mayson;
Jerome Maziarz; Lottie Mazur; Robert McCluskie; Courtney
McConnell; Ralph McCoy; Robert McCrea; Dennis McCreless;
John McDougal; Norman McFerron; Jessie McGee; Owen
McGrath; Ronald McGraw; Bernard McHugh; Gerald McHugh;
James McIntosh; James McKanna; Larry McKinley; Betty
McKinney; Leon McLin; Arthur McMahon; Kevin McMahon;
Michael McManus; John "Jack" McNamara; Lloyd McRoy; Jose
Medina; David Medina; Adan Melero; Edgar Melton; Dale Merrill;
Dale Merrill; Donald Merten; Ronald Metcalfe; Bernard Meyer;
Roger Meyer; William J. Meyer; Paul Meyers; John Miaso;
William Michael; Stanley, Sr. Michniewicz; William Middleton;
Done Miles; George Miles; Roger Miller; John Miller; Lynn Miller;
Roger Miller; Andrew Miller; Douglas Miller; Charles Millinder;
Kenneth Mills; Dean Mindeman; Lee Miracle; William Miser;
Ferber Mitchell; Jean Mitchell; John, Jr. Mitchell; Guy Mitola;
Neal Moffett; Laurel Mohun; Elihu Moore; Ronald Moore; Lionel
Moore; Charles Moore; Kendrick Moore; Richard Moore; Walter
Moore; Luis Morales; Kevin Moran; William Morford; Edward
Morley; James Morley; William Moser; Kenneth Moses; Paul
Moss; Terrence Mote; Burtis "Gene" Moye; George Mugianis;
Marlan Murphy; Thomas Murphy; John Murphy; Thomas Murphy;
Michael Murphy; Melvin Murray; George Murray; John Myszka;
William Nannini; Columbus Nelson; David Nelson; Victor F.
Nelson; Maxwell Nelson; Peter Nemecevic; Kenneth Neubauer;
Roy Neubeck; David Newell; Warren, Sr. Newhauser; Dennis
Newkirk; Robald Nickerson; Elizabeth Nicosia; Joseph Nimee;
John Ninez; Wayne Nordin; Marilyn Novak; Edward Novak;
Donna Novinski; Michael Novosel; Lawrence Nowaczyk; Sharon
Nugent; Robin Nuzzo; Willard Oaks; Roy Obst; Philip O'Connor;
Richard Oelerich; Raymond Ofenbeck; Arthur Oliver; Karl Olsen;
Ralph Olsen; Myrna Olson; Phillip C. Olson; Stephen O'Mahoney;
Donald O'Reilley; Robert Orosz; Leo O'Rozco; Leo Orr; Melvin
Orrill; George Orsini; Patrick O'Shea; Eugene Osowski; Marvin
Ostrander; Michael O'Toole; Joseph Pace; Donald Pacey; Donald
Painter; Fred Palazzolo; Robert Palen; John Palma; Leonard
Palmer; David Palmisano; Rufus Palmore; James Panfilio; Rudolph
Pardonek; Lois Parenti; William Parker; Eugene Parker; Edward
Parker; James Parks; Darrell Parrish; Joseph Pascente; David Pate;
William Pavlich; Richard Pearson; Angelo Pellegrini; Donald, Sr.
Penelton; Doris Pennell; Georgette Persin; Marilyn Persona; Wayne

Peters; Edward Peters; Shirley Peters; Alexander Petrides; Paul
Petrucci; William Petzel; Frank Pfister; Walter Pflueger; Alice
Phillips; Franklin Phillips; Betty Phillips; William Pickens; Donald
Pierce; Charles John Pierce; Joseph Pigza; Conrad Pine; Lawrence
Pinegar; Preston Pingel; Kathleen Piorecki; Samuel Pitrowski;
Thomas Pliske; Norbert Podorzelski; Donald, Sr. Podschweit;
Robert Pontone; Joseph Popovits; Roy Popsten; Joseph Porras;
Richard Posey; Estelle Potempa; Kevin Powell; Arthur Poyer;
Valentino Presutti; Noble Pritchett; Robert Pritza; Karen Probst;
Clarence, Jr. Prosise; James Prunty; Jim Prusak; Fredrick Pujdak;
Jesus Pulido; Jack Pyatte; James Quinlan; Joseph Quinonez; Paul
Ragland; Meta Rahn; Patricia Raichert; Patricia Raichert; Donna
Rajczyk; Clovis Ramey; Marjorie Randa; Barbara Raper; David
Raposo; Dwine Ray; Glen Ray; Albert Reading; Glen Reeck; Otis
Reed; Cecil Reese; Wilbert Reeves; Frederick Rehbein; Philip A.
Reisenleiter; David Reitmeyer; Theodore Rempas; Donald Renken;
Richard Rexroth; Roberto, Sr. Reyna; Clifford Richardson; Ernest
Rico; Dennis Ridgeway; Dennis Ridgeway; Ray Rigg; Raymond
Rigoni; Juanita Riley; Robert Rinaldi; John H. C. Risdon; Philip
Rissky; Phillip Rissky; George Ritchey; Thomas Riva; Jesus
Rivera; Ernest Rizzuto; Ernest Rizzuto; Jruther Roberts; Vincent
Robertson; Betty Lou Robinson; Randy Robinson; Forrest
Robinson; Norman Rodgers; Alejandrino Rodriguez; Jose
Rodriguez; Eugene Rogers; James Rogers; Robert Rogers; Todd
Roney; Frank Ronk; David Rorer; Miguel Rosas; William Roscoe;
August Roselli; April Ross; Philip, Sr. Rossi; Barbara Rubiner;
Anthony J. Ruchal; Darrell Ruebsamen; Ambrose Ruholl; Jerald
Runyan; William Russell; Barry Russell; Robert Saar; Gordon
Saas; Z. L. Safley; Peter Sagel; Catherine Sales; Emilio Salinas;
Joseph Sambucci; Evangelina Sampurdanis; Arnold, Jr. Samuel;
Robert Samuel; John Sanders; Howard Sank; Fred Santerelli;
Robert Sardella; Raymond Sargent; Rene Sauriol; Edward Sawyer;
Evelyn Schaefer; Barbara Schafer; Edward Schafer; Donald
Schlegel; Holly Schmidt; Paul Schmidt; Frederick Schnorr; Teddy
M. Schram; Leo Schroeder; Robert Schuepbach; Ervin Schulz;
Robert Schwartz; David Lee Scott; Mark Scribner; Elaine Scruggs;
Charles Sebest; Daniel Sedlock; Ralph J. Seleski; James Sellers;
Alvin Serocinski; Josip Sestan; John Seville; Russell Shaffer;
Christopher Shaw; Donald Shaw; Merriweather Shaw; William
Shea; Joseph Shekey; Nancie Shellenbaum; Richard Sheridan; John
Shestak; Allen Shoaf; Willard Shoop; Paul Shrout; George, Sr.
Siegand; Thomas Siegel; Frank Sieja; Glen Sievert; Robert
Siewertsen; Karon N. Sillivan; Andrew Simpson; Robert Simpson;
Thomas Sims; Thomas Sims; Lee Sims; Steve Sklany; Marie Slenk;
Kenneth Smith; Leslie Smith; Robert Smith; James Smith; Gerald
D. Smith; James Smith; Ola Smith; Conrad Smith; Thomas Smith;

Vanetta Smith; William Smolik; Eugene Smuda; William Smulder;
Ronald Smykowski; Benjamin J. Soliz; Duane Sollenberger;
Madeleine Soltman; James Sorensen; Martha Sorensen; Milton
Soucek; Leroy Spadoni; James R. Spaight; Gerald Sparks;
Giovanna Spatola; Kenneth Spear; Anthony Spelde; Marvin
Sperling; Richard Spiewak; Robert Squzert; Robert Stachyra;
Wanda Stanley; Darryl Stark; Darryl Stark; Peter Stawnyczy; John
Stechkober; Michael Stechly; Elliott Steimle; Franklin Stelzer;
Katherin Sterling; Carroll Sternberg; John W. Stevens; Johnny
Stewart; Robert Stewart; John L. Stiglitz; John Stiles; Joseph
Stochl; Mary Stoecker; Rick Stolfa; Gavin Stone; John Stoudt;
William, Sr. Straube; Stuart Strauss; Richard Strock; Peter Strom;
George Struck; Frances Suhadolnik; John Suitor; Lawrence Suk;
Charles Sullivan; Donald Sullivan; Margaret Sullivan; Arliss
Summers; Wilbur Summers; Kenneth Supple; Michael Sweeney;
Leonard Syrowik; Daniel Szafranski; Edward Szela; Alexander
Szurpicki; John Takacs; Ahman Tamimi; Richard Tatje; Edward C.
Taylor; Irvin Teml Gary Terry; August Thomas; Wendell Thomas;
Harold L. Thomas; Harold H. Thompson; James Thompson; Robert
Thompson; Arthur Todd; George Tollas; Fred Tomei; Henry
Tomko; Gordon Tomsik; George Toot; James Townsend; Earl
Tracey; Irma Trejo; Edward Trew; Kristina Trinka; John Tropeck;
Donald Trudeau; Robert Tucker; Robert Tuhey; Richard
Tumidalsky; James Turk; Conley Turner; Paul Turner; Robert
Turtenwald; John Tuzzolino; Joseph Tuzzolino; Paul Usyak; Henry
Valentine; Neil Van Der Kolk; Eugene A. Van Duyne; Garrett Van
Dyke; Kenneth Van Hove; Robert Van Ostrand; Lawrence Vanden
Heuvel; Dennis Vargo; Alex Ventresca; David Vignocci; Joseph
Vinci; James, Jr. Virklan; Adrienne Vollmert; Harold Von de Bur;
Ricky Wadsley; Eldo Waggoner; Eldo Waggoner; Kenneth Wahlin;
Kenneth Wahlin; Lloyd Walker; Reid Walker; Caryl Wallace;
William Wallace; Leonard Wargin; William Warren; Loudella
Washington; Lonnie Watson; Virgil Watts; James Weatherbee;
Linda Weaver; Maynard Webb; Robert Webb; Norman Weinger;
Leo Weintreib; Joyce Weiss; Norman Welch; Thomas, Jr. Welch;
Freddie Welland; Gordon Wells; Uldine Wells; Robert West; James
West; Barry L. Weston; George Weston; George Wetzel; Annie
White; Robert White; Robert White; Andrew Whitehead; Luther
Wichmann; Oliver Wicklund; Harry, Jr. Wilcox; Robert Wiley;
Sammie Williams; Bedford Williams; Don Williams; Donald
Williams; Byron Val Williams; Robert Wills; James Wilson; James
Wilson; Lloyd P. Wilson; Mary Wilson; John  Wirth; Don Wisdom;
Evelyn Wishnoff; Ralph Wiskur; Cynthia Wittke; Albert
Wollschlaeger; Nathan Wolsky; Glendon Wolter; Andrew
Woodard; Dennis L. Woods; Larry Woolfork; William Worden;
Kenneth Worthington; Joseph Woynovich; James Wright; James R.

Wright; William Wright; Richard Wyss; Frank Yakovich; Earl
Yates; Ronald Yates; Dennis Yosick; John, Sr. Young; Willie
Young; Carl Yurich; Thomas Zangrilli; Lenore Zavesky; Stanley
Zegar; Donna Zeller; Chester Zeller; Gerald Zelter; Michael
Zemke; Thomas Zielinski; Girard Zimmerman; Joseph Zlogar; and
Joseph Zolnierek,

Defendants.

### SECOND AMENDED COMPLAINT TO DETERMINE VALIDITY OF LIENS, FOR EQUITABLE SUBORDINATION, AND OBJECTION TO CLAIMS

James Shipley, as personal representative of the Estate of Janet Shipley ("James Shipley"), by and through his undersigned counsel, for his amended complaint against the Defendants named in the caption hereinabove states as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b).  This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

2.    Venue is proper under 28 U.S.C. § 1409.

### Parties and Factual Background

3.    On June 24, 2011 ("Petition Date"), The C.P. Hall Company ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code")  in the United States Bankruptcy Court for the Northern District of Illinois.  This case was converted to a case under chapter 7 on October 22, 2012, and Joseph Baldi was appointed and now serves as the trustee.

4.    The Plaintiff, James Shipley, is a creditor of this estate, having filed a proof of claim on February 27, 2013 (Claim 17-1 on the claims register) for $3,295,332.40.  That claim is based on a judgment described below, and includes interest on that judgment accrued to the Petition Date.

5.      On February 27, 2013, law firm of Cooney & Conway, as authorized agent for the Defendants, filed in a single document proofs of claims that arose before the Petition Date in the total amount of $91,570,107.  That document is listed on the claims register as Claim 15-1.

6.      The Defendants are the persons who allegedly hold the claims asserted in Claim 15-1, except the claims of the "2010 Creditors" (as defined in Claim 15-1 and below.) Each Defendant is identified in the caption to this amended complaint and in the exhibits appended to Claim 15-1.

7.      Claim 15-1 also asserts administrative claims of $30,040,000, but as of the date of this filing, the Defendants who allegedly hold such claims have not filed a motion seeking allowance of their alleged administrative claims.

8.      Claim 15-1 alleges that about 500 of the Defendants (the so-called "<u>2009 Judgment Creditors</u>") settled asbestos personal injury claims against the Debtor and obtained judgments in June 2009 (the "<u>2009 Judgment</u>") totaling $42,825,000.  These claims were reduced to $26,965.10 because of the pre-petition payment described below.

9.      Claim 15-1 further alleges that another group of about 140 clients of Cooney & Conway settled similar claims in 2010 (the so-called "<u>2010 Creditors</u>").  Those persons are not identified in Claim 15-1, but the aggregate of their claims ($31,750,000) is included in Claim 15-1.

10.     Claim 15-1 also alleges that other Defendants (the so called "<u>2011 Creditors</u>") settled claims in 2011 and obtained judgments in June 2011 (the "<u>2011 Judgment</u>") totaling $32,305,000.

11.     Claim 15-1 also alleges that five of the Defendants (the so called "Gap Period Claimants") have personal injury claims, totaling $550,000, against the Debtor that arose before the Petition Date, and that approximately 340 additional claimants (the so called "Administrative Claimants") have personal injury claims against the Debtor, totaling $30,040,000, that arose after the Petition Date.

12.     Claim 15-1 alleges that the Debtor assigned its right to liability insurance policies (the "Integrity Policies") issued by the Integrity Insurance Company ("Integrity") and any proceeds thereof to the 2009 Judgment Creditors under a Pledge and Assignment Agreement to Secure Debt dated June 25, 2009 (the "2009 Agreement").

13.     The 2009 Agreement (which is not attached to Claim 15-1) provides that, "[Debtor] hereby grants, transfers, sets over, pledges and assigns to the [2009 Judgment Creditors] all of the right, title and interest of [Debtor] in and to the Insurance Policies [including the Integrity Policies] to secure payment of the indebtedness of [Debtor] to the [2009 Creditors]…."

14.     According to Claim 15-1, the claims of the unidentified 2010 Creditors are secured by a Pledge and Assignment Agreement to Secure Debt dated July 28, 2010 (the "2010 Agreement").

15.     The 2010 Agreement (which is not attached to Claim 15-1) states that: "[Debtor] desires to pledge and assign its interest in the Collateral . . . for the Plaintiffs for the purpose of resolving the C.P. Hall Litigation," and then purports to grant a security interest in substantially all of the Debtor's property, but does not expressly identify any insurance policies as collateral.

16.     Integrity went into a liquidation proceeding, and the Debtor asserted claims under the Integrity Policies.

17.     On January 19, 2010, the liquidator issued five Notices of Determination of the Debtor's claims under the Integrity insurance policies (the "<u>NODs</u>").

18.     On November 19, 2010, the Circuit Court of McLean County, Illinois (the "<u>State Court</u>") entered judgment against the Debtor and in favor of Janet Shipley for $3,000,000 as compensatory damages for an asbestos personal injury.

19.     On December 1, 2010, Janet Shipley, as a judgment creditor, served a citation to discover assets on the Debtor (the "<u>Citation</u>").

20.     Shortly thereafter, Janet Shipley died and James Shipley was appointed executor of her estate and substituted as the plaintiff in the lawsuit against the Debtor.

21.     Under applicable Illinois law, upon service of the Citation, the Debtor was enjoined from transferring any personal property to third parties and James Shipley obtained a lien on all such property.

22.     The Debtor's rights under the NODs were personal property of the Debtor. Consequently, the Debtor was enjoined from transferring its interests in the NODs and James Shipley had a lien on those interests.

23.     At all relevant times, Cooney & Conway, as attorneys for the 2009 Judgment Creditors, knew that that Janet Shipley had served the Citation and knew of the resulting injunction against the transfer of any personal property by the Debtor and of the citation lien.

24.    Notwithstanding the citation injunction and lien in favor of James Shipley, on April 11, 2011, the Debtor entered into an agreement to assign its claims under the NODs to Global Legacy Acquisitions L.P. ("Global").

25.    On April 13, 2011, Cooney & Conway, on behalf of the 2009 Judgment Creditors acknowledged the assignment of the NOD's and signed the agreement with Global.

26.    The parties to the assignment of the NOD's contemplated that the proceeds of the transaction would be paid to Cooney & Conway on account of the 2009 Judgment Creditors' claims against the Debtor and their purported security interests in the Integrity Policies.

27.    In May 2011, Global paid $15,859,893 (the "Global Proceeds") to Cooney & Conway under the assignment agreement on account of the claims of the 2009 Judgment Creditors.  (This payment left the 2009 Judgment Creditors with the claims totaling $26,965,107 asserted in Claim 15-1.)

28.    The Global Proceeds were proceeds of the Debtor's rights under the NODs that the Debtor had assigned to Global.

29.    On June 15, 2011, the State Court entered an order on the Citation (the "Turnover Order") compelling the Debtor to pay to James Shipley "all funds in its possession or control on 12/1/10."

30.    The Turnover Order made the lien created by the Citation on funds in the Debtor's possession or control as of December 1, 2010, irrevocable, and that lien remains in full force and effect.

31.     Since the Petition Date, the estate has received from Integrity's liquidator, and now holds, approximately $3,600,000 in proceeds of claims made by the Debtor against Integrity under the Integrity Policies.

32.     By this reference, the Plaintiff incorporates paragraph 1 through 31 into each of the Counts of this Complaint.

## Count I

### Determination of Validity and Priority of Lien – James Shipley

33.     Under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules") 7001(2), James Shipley is entitled to a determination of the validity of the liens claimed by him and by the Defendants in the proceeds of the Integrity Policies now held by the estate in this case.

34.     James Shipley's citation lien extends to the proceeds of the Debtor's claims under the Integrity Policies made on or before December 1, 2010, including such proceeds now in the possession of the trustee.

## Count II

### Determination of Validity and Priority of Lien – 2009 Judgment Creditors

35.     810 ILCS 5 (the "Illinois Uniform Commercial Code") Section 9-109(d)(8) states that "a transfer of an interest in or an assignment of a claim under a policy of insurance . . . " is excluded from Article 9 of the Illinois Uniform Commercial Code.

36.     The 2009 Judgment Creditors did not acquire possession or control of the Debtor's rights under the Integrity Policies and therefore did not acquire a valid common law lien.

37.     Consequently, the 2009 Judgment Creditors do not have security interests under the Illinois Uniform Commercial Code or any other applicable law in the Integrity Policies

or any proceeds thereof, including the Global Proceeds and the proceeds of the Integrity Policies now held in the estate in this case..

38.     To the extent any of the 2009 Judgment Creditors do have liens, under Bankruptcy Code § 506(d) such liens will be void if their claims are not allowed.

## Count III

### Determination of Validity and Priority of Lien – 2010 Creditors

39.     Section 1-201(35) of the Illinois Uniform Commercial Code defines a security interest as "an interest in personal property or fixtures which secures payment or performance of any obligation."

40.     The 2010 Agreement does not state any such payment or obligation owed by the Debtor and thus did not create a security interest in favor of the Defendants under the Illinois Uniform Commercial Code.

41.     The 2010 Agreement does not purport to be a pledge of the Integrity Policies.  In any event, it would not meet the requirements of a common law pledge because the 2010 Creditors did not acquire possession or control of the policies.

42.     The 2010 Creditors do not have liens in the proceeds of Integrity Policies now held in the estate in this case.

43.     To the extent any of the 2010 Creditors do have liens, such liens will be void if their claims are not allowed for reasons other than their failure to file proofs of claim.

## Count IV

### Determination of Validity and Priority of Lien – Deceased 2009 Judgment Creditors and 2010 Creditors

44.     Under Illinois law, assignments to deceased individuals are void.

45.     Most of the 2009 Judgment Creditors had died before the Debtor executed the 2009 Agreement.

46.     Although the 2010 Creditors are not identified in Claim 15-1, on information and belief, some of them had died before the Debtor executed the 2010 Agreement.

47.     Consequently, to the extent the 2009 Agreement and the 2010 Agreement might otherwise have created valid liens, they do not create such liens in favor of the 2009 Judgment Creditors and the 2010 Creditors who were dead before the dates of such agreements.

## Count V

### Objection to Claim 15-1 – 2009 Judgment Creditors Received Avoidable Transfer

48.     The Debtor had an interest in the Global Proceeds, which were paid to the 2009 Judgment Creditors within 90 days before the Petition Date and while the Debtor was insolvent on account of an antecedent debt owed by the Debtor to the 2009 Judgment Creditors. That payment enabled the 2009 Judgment Creditors to receive more than they would have received in the Debtor's chapter 7 case if the payment had not been made.

49.     The payment of the Global Proceeds to the 2009 Judgment Creditors was a transfer avoidable under § 547 of the Bankruptcy Code and the 2009 Judgment Creditors have not paid the amount of the Global Proceeds to the estate.

50.     Under § 502(d) of the Bankruptcy Code, the claims of the 2009 Judgment Creditors must be disallowed.

## Count VI

### Equitable Subordination of 2009 Judgment Creditors' Claims

51.    This is a claim for relief under § 510(c) of the Bankruptcy Code, which authorizes this Court to, "under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim."

52.    The 2009 Judgment Creditors' conduct, through their counsel, in participating in the assignment of the NODs to Global and accepting the Global Proceeds with knowledge of the citation injunction and lien in favor of James Shipley, was wrongful and inequitable.

53.    Such wrongful and inequitable conduct injured James Shipley in that it deprived James Shipley of the opportunity to be paid the full amount of his claim from the proceeds of the NODs.

54.    The subordination of such Defendants' claims (to the extent they are allowed) to James Shipley's claim would not be inconsistent with any provision of the Bankruptcy Code.

## Count VII

### Objection to Claim 15-1 – Failure to File Writings

55.    Bankruptcy Rule 3001(c)(1) requires that when a claim "is based on a writing, a copy of the writing shall be filed with the proof of claim."  F.R.Bankr.P. 3001(c)(1).

56.    Claim 15-1 does not attach copies of any of the "2009 Settlements" or the "2010 Settlement" alleged in Claim 15-1.

57.    To the extent Claim 15-1 is based upon settlement agreements that were not filed therewith, Claim 15-1 must be disallowed.

## Count VIII

### Objection to Claim 15-1 – Failure of 2010 Creditors to File Proofs of Claim

58.     Under Bankruptcy Code § 501(a), only a creditor may file a proof of claim.  Under Bankruptcy Rules 3001(a) and 3002(a), a creditor must file a proof of claim and that proof of claim must conform to Official Form 10, which requires identification of the creditor filing such proof of claim.

59.     Claim 15-1 asserts a secured claim of $31,750,000 with respect to the "2010 Creditors," yet neither the proof of claim nor the attached exhibits identifies any of the 2010 Creditors.

60.     Accordingly, none of the 2010 Creditors has filed a proof of claim in accordance with the Bankruptcy Code and the Bankruptcy Rules, and the $31,750,000 portion of Claim 15-1 attributable to the 2010 Creditors must be disallowed.

## Count IX

### Objection to Claim 15-1 – 2009 Judgment and 2011 Judgment
### Void for Lack of Jurisdiction

61.     The 2009 Judgment and 2011 Judgment were each entered against "C.P. Hall."

62.     The correct legal name of the Debtor is "The C.P. Hall Company."

63.     The Debtor was not served with summons and did not file an appearance in either of the proceedings involving the 2009 Judgment Creditors and 2011 Creditors.

64.     The Debtor was sued under a fictitious name and, without an actual defendant in the proceedings underlying the 2009 Judgment and the 2011 Judgment, the courts in those proceedings lacked subject matter jurisdiction.

65.     The courts that entered those judgments also lacked personal jurisdiction over the Debtor.

66.     Consequently, the judgments upon which the claims of the 2009 Judgment Creditors and the 2011 Creditors are based are void and unenforceable, and those claims must be disallowed.

## Count X

### Objection to Claim 15-1 – 2009 Judgment and 2011 Judgment Void as to Named Plaintiffs Who Were Deceased.

67.     Judgments that purport to be in favor of persons who died before the actions were commenced and the judgments were entered are void and unenforceable under Illinois law.

68.     The claims of the 2009 Judgment Creditors and 2011 Creditors asserted in Claim 15-1 are based on judgments entered under Illinois law.

69.     Most of the 2009 Judgment Creditors and 2011 Creditors were dead before the actions in which the 2009 Judgment and the 2011 Judgment were entered was commenced, and before those judgments were entered.

70.     The judgments in favor of 2009 Judgment Creditors and the 2011 Creditors who were dead before the judgments on which their claims are based were entered are void and unenforceable and, therefore, the claims filed in their names must be disallowed under § 502(b)(1).

## Count XI

### Objection to Claim 15-1 – Proof of Claim in Name of Decedents is Void

71.     Proofs of claims filed in the name of persons who had died before the proof of claim was filed are nullities.

72.     Most of the persons named as Defendants died before the filing of Claim 15-1.

73.     Claim 15-1 is void with respect to such deceased Defendants and the claims filed in their names must be disallowed.

## Count XII

### Objection to Claim 15-1 – Claim of 2009 Judgment Creditors Paid Pre-Petition

74.     The Global Proceeds of $15,859,893 were paid to the 2009 Judgment Creditors on account of their claims.

75.     Assuming that the 2009 Judgment was valid with respect to the small minority of 2009 Creditors who were alive at the time the 2009 Judgment was entered, the Global Proceeds were more than sufficient to fully satisfy the claims of such living 2009 Creditors.

76.     Accordingly, any valid claims that any of the 2009 Creditors may have had were satisfied with the Global Proceeds before the Petition Date, and their claims as made in Claim 15-1 must be disallowed.

## Count XIII

### Objection to Claim 15-1 – Disallowance of Claims of Gap Period Claimants and Administrative Claimants

77.     Claim 15-1 does not identify any basis for the personal injury claims of the Gap Period Claimants and Administrative Claimants.

78.     The amounts stated for the claims of the Gap Period Claimants and Administrative Claimants are not based on agreements or judgments, but only on Cooney & Conway's assessment of their settlement value.

79.     The claims of the Gap Period Claimants and Administrative Claimants are unliquidated.

80.     The claims of the Gap Period Claimants and Administrative Claimants must be disallowed for failure to state a basis for those claims.

81.     Alternatively, such claims may only be allowed under Bankruptcy Code § 502(b) and 28 U.S.C. 157(b) after the district court had determined the amount of each such claim.

### Count XIV

### Objection to Claim 15-1 – Disallowance of Administrative Claims

82.     A proof of claim filed under § 501(a) of the Bankruptcy Code may only be filed for pre-petition claims.

83.     Claim 15-1 asserts that the claims of the Administrative Claimants are personal injury claims.

84.     Such personal injury claims of the Administrative Claimants were not actual, necessary costs and expenses of preserving the estate under Section 503(b)(1) of the Bankruptcy Code.

85.     Such Defendants have not filed a motion for the allowance of their purported administrative claim, as required under § 503(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9013.

86.     The Administrative Claims asserted in Claim 15-1 must be disallowed.

WHEREFORE, James Shipley seeks judgment in his favor and against Defendants, awarding the following relief:

(a)     a determination that he holds a valid lien on the proceeds of Integrity Policies now in the possession of the estate;

(b)     a determination that all of the claims alleged in Claim 15-1 are unsecured;

(c)     the subordination of the claims of the 2009 Judgment Creditors alleged in Claim 15-1 (to the extent such claims are allowed) to the claim of James Shipley and, if necessary, the subordination of any lien securing any such claims, to the extent necessary to permit the payment in full of James Shipley's claim;

(d)     the disallowance of the claims alleged in Claim 15-1;

(e)     the disallowance of the administrative claims alleged in Claim 15-1; and

(f)     such other and further relief as this Court shall consider proper.


Dated: September 10, 2014                    Respectfully submitted,

                                             JAMES SHIPLEY, as personal
                                             representative of the Estate of Janet Shipley,


                                             By:   /s/ Ronald Barliant
                                                   One of His Attorneys


Ronald Barliant (ARDC #0112984)
Prisca Kim (ARDC #6306327)
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000